IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GERALD LEWIS AUSTIN, #A1076082, | ) ) ) CIV. NO. 11-00708 JMS/KSC |
| Plaintiff, | ) ) ORDER DISMISSING COMPLAINT ) |
| vs. | ) ) |
| MAIL ROOM [at] HALAWA CORRECTIONAL FACILITY, WITNESS COUNSELOR MEGAN OWENS, | ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**ORDER DISMISSING COMPLAINT AND ACTION**

Before the court is *pro se* Plaintiff Gerald Lewis Austin's prisoner civil rights complaint. Austin is incarcerated at the Halawa Correctional Facility ("HCF") and is proceeding *in forma pauperis*. ECF No. 4. Austin names the HCF Mailroom as the only defendant to this suit, alleging that his mail was improperly handled.[1] Austin's Complaint is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).

//

//

---

[1] Austin names "Witness Counselor Megan Owens" in the caption, but clarifies within the Complaint that Owens is a witness to his allegations, not a defendant.

## I. <u>STATUTORY SCREENING</u>

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed as a matter of law for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

//

//

### III. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.     Austin's Claim**

Austin's Complaint is somewhat unclear.  He states that, on or about May 31, 2011, the HCF Mail room "sent [him] a legal package from court reporting Services that contained legal deposition documents/evidence [in] CV10-00692 JMS-KSC," that it had opened and inspected outside of his presence.  *See* ECF No. 1, Compl. at 5, Count I.[2]  Austin says that "the package was delivered" to HCF on May 12, 2011, which is approximately two weeks before *he* received the package.  In Count II, Austin clarifies that the package was stamped "INSPECTED" when he received it and that it was "from court" "Buisness [sic]

---

[2] On May 13, 2009, the court sent Austin a minute order scheduling a briefing schedule for Defendants' Motion to Dismiss.  ECF No. 37.  On May 16, 2011, the court sent Austin another minute order regarding Austin's persistent submission of "his legal and personal documents, discovery requests, [and] interrogatories for filing with the court."  ECF No. 38.  Although unclear, Austin may be referring to these mailings from the court.

office." Austin discussed the opening of this mail from the court with his counselor, Megan Owens, and says that she is his witness to this alleged infraction. Austin seeks $1,000,000,000 in damages. The court construes Austin's claim as alleging a violation of the First Amendment.

**B.    The HCF Mailroom is Improperly Named as a Defendant**

Plaintiff lists the HCF Mailroom as the only Defendant. Claims under § 1983 are directed at "persons" -- a jail, prison facility, or prison mailroom is not a "person" amenable to suit under § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison are not "person[s]" subject to suit under § 1983); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988) (a court is not a "person" within the meaning of that term as used in § 1983). To the extent that Austin alleges federal constitutional or statutory violations against the HCF Mailroom under § 1983, his claims are dismissed.

**C.    Failure to State a Claim Under the First Amendment**

A prisoner retains those First Amendment rights that are "not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001) (quoting *Jones v. No. Carolina Prisoners' Labor Union, Inc.*,

433 U.S. 119, 129 (1977)) (internal quotation marks omitted). Prisoners therefore retain a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)).

Prison officials may inspect nonlegal mail for contraband without violating a prisoner's constitutional rights. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (9th Cir. 1991) (upholding inspection of incoming mail); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail). In contrast, "[legal] mail may be opened in the presence of the addressee and . . . prison officials can require both that the letters be specially marked with the name and address of the attorney and that the attorney communicate first with prison officials." *Sherman v. McDougall*, 656 F.2d 527, 528 (9th Cir. 1981) (citing *Wolff v. MacDonald*, 418 U.S. 539, 575-77 (1974)). "[M]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Additionally, an isolated instance or an occasional opening of legal mail outside of an inmate's presence does not rise to the level of a constitutional violation. *See Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989).

Further, while allegations that mail delivery was delayed for an *inordinate* amount of time are sufficient to state a claim for violation of the First

Amendment, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996), isolated delays or some other relatively short-term disruption in delivery of inmate mail is not enough to support a First Amendment claim when the delay or disruption is not content-based.  *See Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974) (an isolated incident of delay generally is insufficient to raise a § 1983 claim).

        Austin alleges that he received mail from the court on or about May 31, 2011, that was postmarked on or about May 12, 2011, and that this mail had been opened and inspected outside of his presence.  The HCF mailroom personnel's opening of a package or envelope addressed to Austin from the court, or failure to deliver the package for approximately two weeks on one occasion does not set forth a constitutional violation.  This court cannot conceive of any additional facts that would be sufficient to show that HCF mailroom personnel violated Austin's constitutional rights by opening a packet to him from the court, or by delaying delivery of that packet for approximately two weeks.  As amendment is futile, Austin's Complaint is DISMISSED with prejudice for failure to state a claim.

## IV. **CONCLUSION**

IT IS HEREBY ORDERED that:

Austin's Complaint is DISMISSED for failure to state a claim, and may be counted as a strike. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915(g), and 1915A(b)(1). The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 1, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Austin v. HCF Mailroom,* Civ. No. 11-00708 JMS/KSC, Order Dismissing Complaint; psa/Screening/dmp/ 2011/Austin 11-708 JMS (dsm ftsc [mail handling])